UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VAUGHN SCOTT,

        *Plaintiff,*

against

THE CITY OF NEW YORK, NYPD POLICE
OFFICER ANTHONY BURZOTTA, NYPD
DETECTIVE LON PANISIDI, "JOHN DOE
NYPD OFFICERS 1-2,

        *Defendants.*
----------------------------------------------------------X

**14 CV 0283**

**JUDGE SCHOFIELD**

COMPLAINT

JURY TRIAL DEMANDED

David A. Thompson, Esq., of the law firm Stecklow, Cohen & Thompson, attorneys for the Plaintiff, alleges as follows:

1. On June 12, 2012, the Defendants seriously injured Plaintiff Vaughn Scott when they forcibly entered the Plaintiff's home without a warrant or probable cause.

I. **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action.

5. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district.

6. The Plaintiff presented a notice of claim to the City of New York, and at least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## II. PARTIES

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department (the "NYPD"), a public authority and/or police department, which performs all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the City of New York.

10. At all times hereinafter mentioned, Defendants Anthony Burzotta and Lon Panissidi, as well as the two or more NYPD officers whose identities are unknown and who are named herein as John Doe NYPD Officers 1-2 (collectively, the "NYPD Officer Defendants") were police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

11. Plaintiff sues the NYPD Officer Defendants in both their official and individual capacities.

12. Plaintiff will amend this complaint to name the John Doe NYPD Officers as their identities can be established to a reasonable certainty.

13. At all times relevant to this action, the John Doe NYPD Officers, either personally or through their employees, were acting under color of state law.

## III. FACTS

14. The Plaintiff is a law-abiding citizen of the community of Mount Vernon.

15. On June 12, 2012, rogue officers of the Warrant Section of the New York City Police Department forcefully entered the Plaintiff's home at 30 South Bleeker Street in Mount Vernon.

16. These Officers included Defendants Anthony Burzotta and Lon Panissidi, as well as two or more NYPD officers whose identities are unknown and who are named herein as John Doe NYPD Officers 1-2 (collectively, the "NYPD Officer Defendants").

17. No one in the home was the subject of a warrant.

18. Nevertheless, the NYPD Officer Defendants forcibly pushed in the door of the Plaintiff's home.

19. The NYPD Officer Defendants knocked the Plaintiff to the floor.

20. The Plaintiff was seriously injured by the fall.

21. The Plaintiff's injuries included injuries to her lower back.

22. The Defendants failed to undertake sufficient investigation of the circumstances, and/or of the location 30 South Bleeker Street, to learn that no one at that location was subject to a warrant.

23. The supervisors of the NYPD Officer Defendants failed to supervise these officers in the performance of their duty.

24. The City of New York failed to exercise due in care in the hiring, training, supervision, and retention of the NYPD Officer Defendants.

## FIRST CAUSE OF ACTION

25. The Defendants' forcible entry into the Plaintiff's home, and their intentional and/or negligent application of force directly and/or indirectly upon the Plaintiff violated the Plaintiff's Constitutional rights, including rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution.

26. As a result of the Defendants' actions, the Plaintiff was injured.

27. The Plaintiff's injuries included physical injuries, pain and suffering, and mental and emotional suffering and distress.

28. The Plaintiff seeks compensation in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

29. The Defendants' forcible entry into the Plaintiff's home, and their intentional application of force directly and/or indirectly upon the Plaintiff constituted battery against the Plaintiff.

30. As a result of the Defendants' actions, the Plaintiff was injured.

31. The Plaintiff's injuries included physical injuries, pain and suffering, and mental and emotional suffering and distress.

32. The Plaintiff seeks compensation in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

33. In the course of the Defendants' forcible entry into the Plaintiff's home, the Defendants caused the Plaintiff to suffer apprehension of imminent physical harm, which constituted assault against the Plaintiff.

34. As a result of the Defendants' actions, the Plaintiff was injured.

35. The Plaintiff's injuries included physical injuries, pain and suffering, and mental and emotional suffering and distress.

36. The Plaintiff seeks compensation in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

37. The Defendants failed to undertake sufficient investigation of the circumstances, and/or of the location 30 South Bleeker Street, to learn that no one at that location was subject to a warrant.

38. The supervisors of the NYPD Officer Defendants failed to supervise these officers in the performance of their duty.

39. The City of New York failed to exercise due in care in the hiring, training, supervision, and retention of the NYPD Officer Defendants.

40. The Defendants forcibly entered into the Plaintiff's home, and their negligently applied force directly and/or indirectly upon the Plaintiff.

41. As a result of the Defendants' actions, the Plaintiff was injured.

42. The Plaintiff's injuries included physical injuries, pain and suffering, and mental and emotional suffering and distress.

43. The Plaintiff seeks compensation in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

44. All of the NYPD Officer Defendants were acting within the scope of their employment by the City of New York.

45. The City of New York is liable upon a theory of respondeat superior.

46. Defendant City of New York maintains a policy and practice of failing to supervise warrant sections within the NYPD.

47. Defendant City of New York is liable upon the doctrine of respondeat superior.

## SIXTH CAUSE OF ACTION

48. Defendant City of New York maintains a policy and practice of failing to supervise warrant sections within the NYPD.

49. Defendant City of New York maintains a policy and practice of deploying warrant sections of the NYPD against citizens in a manner that violates constitutional protections.

50. Defendant City of New York maintains a policy and practice of tolerating misconduct by warrant officers, such as conducting searches for individuals allegedly subject to warrants without regard to the constitutional protections securing premises and persons against search and seizure.

51. Defendant City of New York maintains a policy and practice of tolerating misconduct by officers of the NYPD, by failing to train such officers to respect constitutional law, by failing to discipline officers that violate constitutional law, by tolerating express and implicit racism in the NYPD and its practices.

52. Pursuant to City of New York policy and practice, warrant officers enforce warrants in a discriminatory manner, disfavoring the poor, minorities, and members of groups disliked by the NYPD and the City of New York.

53. Pursuant to City of New York policy and practice, warrant officers enforce warrants by entering private premises without probable cause to believe that the person sought is located inside.

54. Pursuant to City of New York policy and practice, warrant officers willfully ignore clear information tending to negate probable cause to enter or search a premises.

55. NYPD officers who violate individual rights are not punished. They are allowed to keep their jobs, and may even be promoted despite their misconduct.

56. As a result of the Defendants' actions, the Plaintiff was injured.

57. The Plaintiff's injuries included physical injuries, pain and suffering, and mental and emotional suffering and distress.

58. The Plaintiff seeks compensation in an amount to be determined at trial.

DATED:   NEW YORK, NY
         JANUARY 14, 2014

*David Thompson* /s/
David Thompson, Esq. [DT3991]
Stecklow Cohen & Thompson
Attorneys for Plaintiff
10 Spring Street, Suite 1
New York, NY 10012
dthompson@wylielaw.com
(212) 566-8000